UNITED STATES BANKRUPTCY COURT
For The District of Colorado

IN RE: )
)
FREDERICK WILSON DAVIS, ) CASE NUMBER: 13-29651 MER
) CHAPTER 13
DEBTOR. )

### AMENDED CHAPTER 13 PLAN INCLUDING VALUATION OF COLLATERAL AND CLASSIFICATION OF CLAIMS

**CHAPTER 13 PLAN:** This amended chapter 13 plan dated July 7, 2014 supersedes all previously filed plans.

**NOTICE TO CREDITORS:** THIS PLAN MAY MODIFY YOUR RIGHTS. If you oppose any provision of the plan you must file an objection with the bankruptcy court by the deadline fixed by the court. (Applicable deadlines given by separate notice.) If you do not file a timely objection, you will be deemed to have accepted the terms of the plan, which may be confirmed without further notice or hearing.

**MOTIONS FOR VALUATION OF COLLATERAL AND DETERMINATION OF SECURED STATUS UNDER 11 U.S.C. §506.** (Check any applicable box(s)):

　　　(X)　　This plan contains a motion for valuation of *personal property* collateral and determination of secured status under 11 U.S.C. §506.

　　　( )　　The debtor is requesting a valuation of *real property* collateral and determination of secured status under 11 U.S.C. §506 by separate motion filed contemporaneously with this plan.

**SECURED CLAIMS SUBJECT TO VALUATION OF COLLATERAL AND DETERMINATION OF SECURED STATUS UNDER 11 U.S.C. §506** (additional details provided at Part IV of the plan):

| Name of Creditor | Description of Collateral (pursuant to L.B.R. 3012-1) |
|---|---|
| SANTANDER CONSUMER FINANCE | 2006 NISSAN ALTIMA |
|  |  |

I.　**BACKGROUND INFORMATION**

　　A.　Prior bankruptcies pending within one year of the petition date for this case: N/A

| Case No. & Chapter | Discharge or Dismissal/Conversion | Date |
|---|---|---|
|  |  |  |

　　B.　The debtor:　　__X__ is eligible for a discharge; or
　　　　　　　　　　　_____ is not eligible for a discharge and is not seeking a discharge.

　　C.　Prior states of domicile:　　within 730 days : Colorado, Tennessee
　　　　　　　　　　　　　　　　　within 910 days : Colorado.

　　　　The debtor is claiming exemptions available in the state of Colorado.

D. The debtor owes or anticipates owing a Domestic Support Obligation as defined in 11 U.S.C. §101(14A). Notice will/should be provided to these parties in interest: N/A

1. Parent _____
2. Government _____
3. Assignee or other _____

The debtor _____ has provided the Trustee with the phone number of the Domestic Support Obligation recipient or _____ cannot provide the phone number because it is not available.

E. The current monthly income of the debtor, as reported on Interim Form 22C is: __X__ below _____ equal to or _____ above the applicable median income.

## II. PLAN ANALYSIS

### A. TOTAL DEBT PROVIDED FOR UNDER THE PLAN AND ADMINISTRATIVE EXPENSES

|  |  |  |
|---|---|---|
|  | 1. TOTAL PRIORITY CLAIMS (Class One) |  |
|  | a. Unpaid attorney fees Total attorney fees and costs are estimated to be $4200.00 of which $0.00 has been prepaid to current counsel. | $7,925.00* |
|  | b. Taxes (IRS) | $5,092.75 |
|  | c. Taxes (Colorado) | $1,200.00* |
|  | d. Other Priority | $0.00 |
| Total Priority | $4,500.00 |  |
|  | 2. TOTAL OF PAYMENTS TO CURE DEFAULTS (Class Two) | $0.00 |
|  | 3. TOTAL OF PAYMENTS ON SECURED CLAIMS (Class Three) | $6,426.12 |
|  | 4. TOTAL OF PAYMENTS ON UNSECURED CLAIMS | $25.22* |
|  | 5. SUBTOTAL | $20,669.09 |
|  | 6. TOTAL TRUSTEE'S COMPENSATION (10% of debtor's payments) | $2,066.91 |
|  | 7. TOTAL DEBT AND ADMINISTRATIVE EXPENSES | $22,736.00* |

### B. RECONCILIATION WITH CHAPTER 7:

**THE NET PROPERTY VALUES SET FORTH BELOW ARE LIQUIDATION VALUES RATHER THAN REPLACEMENT VALUES WHICH MAY APPEAR IN CLASS THREE IN THE PLAN**

1. **Assets Available to Class Four unsecured creditors if Chapter 7 filed**

| PROPERTY | FAIR MARKET VALUE | less COST OF SALE | less LIENS | % DEBTOR'S INTEREST | less EXEMPTION | = NET VALUE |
|---|---|---|---|---|---|---|
| cash & bank accounts | $25.00 |  |  | 100.00% | $18.75 | $6.25 |
|  |  |  |  |  |  |  |

|  |  |  |
|---|---|---|
|  | a.. Value of Debtor's interest in non-exempt property | $6.25 |
|  | b. Plus: Value of property recoverable under avoiding powers | $0.00 |
|  | c. Less: estimated Chapter 7 administrative expense | $75.00 |
|  | d. Less: amounts payable to priority creditors other than admin. | $6,292.75 |
|  | e. Equals: estimated amount payable to Class 4 creditors if Chapter 7 filed | ($6,361.50) |
| 2 | **Estimated payment to Class Four unsecured creditors under the Chapter 13 Plan plus any funds recovered from "other property" described in Section III.A.3. below** | $25.22 |

2

**III. PROPERTY AND FUTURE EARNINGS SUBJECT TO THE SUPERVISION AND CONTROL OF THE TRUSTEE.**

    **A.**    The debtor submits the following property and future earnings to the supervision and control of the Trustee all or such portion of the debtor's future earnings or other future income as is necessary for the execution of the plan including:

    3.    Earnings of **$666.00** have been paid for the first two months of the plan. Future earnings of **$287.00** per month shall be paid to the trustee for a period of approximately **10** months, followed by future earnings of **$400.00** per month for a period of **48** months, beginning **February 26, 2014**

| Amount | Number of Months | Total |
|---|---|---|
| $666.00 TOTAL | 2 | $666.00 |
| $287.00 | 10 | $2,870.00 |
| $400.00* | 48 | $19,200.00 |
| TOTALS | 60 | $22,736.00 |

    2.    Amounts necessary for the payment of Class Five post-petition Claims: $_____

    3.    Other property (specify): **Debtor believes he owes a sufficient amount of priority tax debt to fully account for the (unknown) non-exempt portion of his 2013 tax return in the above reconciliation, but in the event his non-exempt refunds exceed $5,000.00, he will turn over the non-exempt portion or reconcile it in an amount sufficient to meet best interests of creditors.**

**AT THE TIME THE FINAL PLAN PAYMENT IS SUBMITTED TO THE TRUSTEE, THE DEBTORS SHALL FILE WITH THE COURT THE CERTIFICATION REGARDING DOMESTIC SUPPORT OBLIGATIONS REQUIRED BY 11 U.S.C. § 1328(a) AND, IF NOT ALREADY FILED, INTERIM FORM B23 REGARDING COMPLETION OF FINANCIAL MANAGEMENT INSTRUCTION REQUIRED BY 11 U.S.C. §1328(g)(1).**

    **B.**    Debtor agrees to make payments under the plan as follows:

[ ] VOLUNTARY WAGE ASSIGNMENT TO EMPLOYER    [X] DIRECT PAYMENT: From Debtor to Trustee
(Employer's name, address, telephone number)

_____
_____
(_____)_____
Paid in the following manner:_____
$_____ to be deducted _____ (per pay period, monthly, etc.)

**IV.  CLASSIFICATION AND TREATMENT OF CLAIMS.**

    **CREDITOR RIGHTS MAY BE AFFECTED. A WRITTEN OBJECTION MUST BE FILED IN ORDER TO CONTEST THE TERMS OF THE PLAN. CREDITORS OTHER THAN THOSE IN CLASS TWO A AND CLASS THREE MUST FILE TIMELY PROOFS OF CLAIM IN ORDER TO RECEIVE THE APPLICABLE PAYMENTS.**

    **A. CLASS ONE - <u>Claims entitled to priority under Section 507, Title 11, United States Code</u>**. Unless other provision is made in paragraph V.(C), each creditor in Class one shall be paid in full in deferred cash payments prior to the commencement of distribution of any other class (except that the payments to the Trustee shall be made by deduction from each payment made by the Debtor to the Trustee) as follows:

    1. Allowed administrative expenses:
        (a) Trustees's compensation (10% of amounts distributed under the plan)    $2,066.91
        (b) Attorney's Fees (estimated and subject to allowance)    $7,925.00
        (c) Attorney's Costs (estimated and subject to allowance)

    2. Other priority claims to be paid in the order of distribution provided by
11 U.S.C. §507 (if none, indicate).................................................................    $0.00
    4.    Domestic Support obligations: **A proof of claim must be timely filed in order for the**

**Trustee to distribute amounts provided by the plan.**

Priority support arrearage: Debtor owes past due support to _____ in the total amount of $ _____ that will be paid as follows:

[ ]  Distributed by the Trustee pursuant to the terms of the Plan; or
[ ]  Debtor is making monthly payments via a wage order [ ] or directly [ ] (reflected on Schedule I and J) in the amount of $ _____ to _____. Of monthly amount, $ _____ is for current support payments and $ _____ is to pay arrearage.

Other:  For the duration of the plan, during the anniversary month of confirmation, the debtor shall file with the Court and submit to the Trustee an update of the required information regarding Domestic Support Obligations and the status of required payments.

b. Federal Taxes    $5,092.75
c. State Taxes      $1,200.00
d. Other Taxes      $0.00
e. Other Class One Claims (if any)

   [X]   None

TOTAL: $16,284.66

**B. CLASS TWO - Defaults**

1. Class Two A (if none, indicate) - Claims set forth below are secured *only by an interest in real property that is the debtor's principal residence* located at N/A. Defaults shall be cured and regular payments shall be made:

[X] None

| CREDITOR | TOTAL DEFAULT AMOUNT TO BE CURED | INTEREST RATE | NO. OF MONTHS TO CURE | TOTAL AMOUNT TO ARREARAGE | REGULAR PAYMENT PER MONTH TO BE MADE DIRECTLY TO CREDITOR | STARTING MONTH |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |

2. **Class Two B (if none indicate) - Pursuant to 11 U.S.C. §1322 (b)(5), secured** *(other than claims secured only by an interest in real property that is the debtor's principal residence)* **or unsecured claims set forth below on which the last payment is due after the date on which the final payment under the Plan is due.** Defaults shall be cured and regular payments made:

[X] None

| CREDITOR | COLLATERAL | TOTAL DEFAULT AMOUNT TO BE CURED | INTEREST RATE | NO. OF MONTHS TO CURE | TOTAL AMOUNT TO CURE ARREARAGE | REGULAR PAYMENT PER MONTH TO BE MADE DIRECTLY TO CREDITOR | STARTING MONTH |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

3. **Class Two C - Executory contracts and unexpired leases.** Executory contracts and unexpired leases are rejected, except the following which are assumed:

[ ] None

| OTHER PARTY TO LEASE OR CONTRACT | PROPERTY, IF ANY, SUBJECT TO THE CONTRACT OR LEASE | TOTAL AMOUNT TO CURE, IF ANY | NO. OF MONTHS TO CURE | REGULAR MONTHLY PAYMENT MADE DIRECTLY TO CREDITOR | STARTING DATE |
|---|---|---|---|---|---|
| T-MOBILE | CELLULAR SERVICE | - | - | $140.00 | REMAIN CURRENT |

*In the event that the debtor rejects the lease or contract, creditor shall file a proof of claim or amended proof of claim reflecting the rejection to the lease or contract within 30 days of the entry of the order confirming this plan, failing which the claim may be*

*barred.*

    **C. CLASS THREE - All other allowed secured claims** (other than those designated in Classes 2A and 2B above) shall be divided into separate classes to which 11 U.S.C. § 506 shall or shall not apply as follows:

4.     **Secured claims subject to 11 U.S.C. § 506 (Real Property): Real Property:** In accordance with FED.R. BANKR. P. 3012, 7004 and L.B.R. 3012-1, the debtor has filed a separate motion for valuation of collateral and determination of secured status under 11 U.S.C. §506 as to the real property and claims listed on page 1 of this plan and below. The debtor is requesting an order that the value of the collateral is zero ($0) and the creditor's claim is unsecured. The plan is subject to the court's order on the debtor's motion. If the court grants the debtor's motion, the creditor will have an unsecured claim in either the amount of the debt as listed in the debtor's schedules or on any allowed proof of claim filed by the creditor (which ever is greater). The creditors listed on page 1 and below shall retain the liens securing their claims *until discharge under 11 U.S.C. §1328 or payment in full*.

[X] None

| Name of Creditor | Description of Collateral (pursuant to L.B.R. 3012-1) | Amount of Debt as Scheduled | Proof of Claim amount, if any |
|---|---|---|---|
| | | | |

2.     **Secured claims subject to 11 U.S.C. § 506 (Personal Property):** the debtor **moves** the court, through this chapter 13 plan, for a valuation of collateral and determination of secured status under 11 U.S.C. §506 regarding the personal property and claims below. The creditors shall retain the liens securing their claims until discharge under 11 U.S.C. §1328 or payment in full under nonbankruptcy law.

[ ] None

    (a)     The following creditors shall be paid the value of their interest in collateral. Any remaining portion of the allowed claim shall be treated as a general unsecured claim.

| CREDITOR | DESCRIPTION OF COLLATERAL | CONFIRMATION VALUE OF COLLATERAL | AMOUNT OF DEBT AS SCHEDULED | INTEREST RATE | ADEQUATE PROTECTION PAYMENT | TOTAL AMOUNT PAYABLE |
|---|---|---|---|---|---|---|
| SANTANDER | 2006 NISSAN ALTIMA | $5,900.00 | $6,760.00 | 4.25% | $67.00 | $6,426.12 |

    (b)     The following creditors shall be paid the remaining balance payable on the debt over the period required to pay the sum in full.

| CREDITOR | DESCRIPTION OF COLLATERAL | CONFIRMATION VALUE OF COLLATERAL | AMOUNT OF DEBT AS SCHEDULED | INTEREST RATE | ADEQUATE PROTECTION PAYMENT | TOTAL AMOUNT PAYABLE |
|---|---|---|---|---|---|---|
| | | | | | | |

    If adequate protection payments are indicated, such payments will be made by the trustee to the creditors indicated above until such time that superior class creditors are paid in full. Any adequate protection payments made will be subtracted from the total amount payable. Unless otherwise provided, adequate protection payments will accrue from the date of filing but will not be made until the creditor has filed a proof of claim.

3.     **Secured claims to which 11 U.S.C. §506 shall not apply (personal property).** The following creditors shall retain the liens securing their claims, and they shall be paid the amount specified which represents the remaining balance payable on the debt over the period required to pay the sum in full:

[X] None

| CREDITOR | DESCRIPTION OF COLLATERAL | AMOUNT OF DEBT AS SCHEDULED | INTEREST RATE | ADEQUATE PROTECTION PAYMENT | TOTAL AMOUNT PAYABLE |
|---|---|---|---|---|---|
| | | | | | |

4. **Property being surrendered:** The debtor surrenders the following property securing an allowed secured claim to the holder of such claim:
[ ] None

| CREDITOR | PROPERTY | ANTICIPATED DATE OF SURRENDER |
|---|---|---|
| WELLS FARGO HOME MORTGAGE | WASHINGTON PROPERTY | IMMEDIATE |
| EMB MANAGEMENT | WASHINGTON PROPERTY | IMMEDIATE |
| *MOLASSES CREEK CONDO ASSOCIATION | WASHINGTON PROPERTY | *IMMEDIATE – See Sections 5.G.3 & 4 regarding treatment of pre- and post-petition HOA fees and assessments |

Relief from the automatic stay to permit enforcement of the liens encumbering surrendered property shall be deemed granted by the Court at the time of confirmation of this Plan. With respect to property surrendered, no distribution on the creditor's claim shall be made unless that creditor files a proof of claim or an amended proof of claim to take into account the surrender of the property.

**IF DEBTOR IS PROPOSING TO MODIFY THE RIGHTS OF CREDITORS IN CLASS TWO AND/OR THREE, DEBTOR MUST SPECIFICALLY SERVE SUCH CREDITOR IN THE MANNER SPECIFIED IN FED. R. BANKR. P. 9014 AND 7004.**

D. **CLASS FOUR: Allowed unsecured claims not otherwise referred to in the Plan**: Class Four claims are provided for in an amount not less than the greater of:

4. The amount necessary to meet the best interests of creditors pursuant to 11 U.S.C. §1325(a)(4) as set forth in Part II; or
5. Total disposable income for the applicable commitment period defined by 11 U.S.C. §1325(b)(1)-(4).

The monthly disposable income of $0.00 has been calculated on Form B22C (Chapter 13).
Total disposable income is $0.00 which is the product of monthly disposable income of 0 times the applicable commitment period of 36 months.

a. [X] Class Four claims are of one class and shall share pro rata portion of all funds remaining after the payment by the Trustee of all prior classes; or

b. [ ] Class Four claims are divided into more than one class as follows: _____.

A timely filed claim, found by the Court to be non-dischargeable pursuant to 11 U.S.C. §523(a)(2), (4), or (6), will share in the distribution to Class Four. Collection of the balance is stayed until the case is dismissed, converted to a Chapter 7 or discharge enters, unless ordered otherwise.

E. **CLASS FIVE - Post-Petition claims allowed under § 1305, Title 11, United States Code.** Post-petition claims allowed under 11 U.S.C. §1305 shall be paid as follows: _____.

[X] None

V. **OTHER PROVISIONS**

A. Payment will be made directly to the creditor by the Debtor on the following claims:

| CREDITOR | COLLATERAL, IF ANY | MONTHLY PAYMENT AMOUNT | NO. OF MONTHS TO PAYOFF |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

B. The effective date of this Plan shall be the date of entry of the Order of Confirmation.

C. Order of Distribution

6. [X] The amounts to be paid to the Class One creditors shall be paid in full, except that the Chapter 13 Trustee's fee shall be paid up to, but not more than, the amount accrued on actual payments made to date. After payment of the Class One creditors, the amounts to be paid to cure the defaults of the Class Two A, Class Two B and Class Two C creditors shall be paid in full before distributions to creditors in classes Three,

Four and Five (strike any portion of this sentence not applicable). The amounts to be paid to the Class Three creditors shall be paid in full before distribution to creditors in classes Four and Five. Distributions under the plan to unsecured creditors will only be made to creditors whose claims are allowed and are timely filed pursuant to Fed. R. Bankr. P. 3002 and 3004 and after payments are made to Classes one, Two A, Two B, Two C and Three above in the manner specified in Section IV.

2.   [ ]   Distribution to classes of creditors shall be in accordance with the order set forth above, except:

**D. MOTIONS TO VOID LIENS UNDER 11 U.S.C. § 522(f).** In accordance with Fed. R. Bankr. P. 4003 (d), Debtor intends to file, or have filed, by separate motions served in accordance with Fed. R. Bankr. P. 7004, a motion to void lien pursuant to 11 U.S.C. §522 (f) as to the secured creditors listed below:

| CREDITOR | COLLATERAL | DATE MOTION TO VOID LIEN FILED | DATE OF ORDER GRANTING MOTION OR PENDING |
|---|---|---|---|
|  |  |  |  |

**E. STUDENT LOANS:**

[X]   No Student Loans
[ ]   Student Loans are non-dischargeable and are to be paid upon completion of the Plan. They may however participate in Class IV if a Proof of Claim is filed by the deadline.

**F. RESTITUTION**

[X]   No restitution owed
[ ]   Debtor owes restitution in the total amount of $_____ which is paid directly to _____
     In the amount of $_____ per month for a period of _____ months.
[ ]   Debtor owes restitution to be paid as follows:_____

**G. OTHER**

1. **RELIEF FROM STAY: In the event relief from stay enters for the benefit of a Class 2 or Class 3 creditor, then the subject property shall be deemed surrendered without need for modification under paragraph IV(C)(4)., supra.**

2. **RESUMPTION OF MONTHLY STATEMENTS: Confirmation of this plan constitute consent by the debtor to receive regular monthly statements or invoices as well as notices of changes in payment addresses from Class 1, 2, or 3 creditors, provided such statements are for information purposes only and are not an attempt to collect a debt.**

3. **All HOA fees and assessments owed to Molasses Creek Condo Association incurred prior to the order for relief are provided for by surrender. HOA fees and assessments that become due and payable after the order for relief shall be paid to Molasses Creek Condo Association by the debtor, subject to provision V.G.4.**

4. **Debtor intends to appeal the decision issued by the Bankruptcy Court on June 19, 2014, at docket no. 43. Collection of HOA fees and assessments that become due and payable after the order for relief shall be stayed pending this appeal. This amended plan provides for payment of such fees and assessments for the sole purpose of obtaining a final order of confirmation, from which the debtor may appeal. In the event Debtor is not successful in his appeal, he shall, within 30 days of the entry of a final order, begin paying such fees and assessments either directly to the creditor or via the terms of a modified plan, to be filed within 30 days of the entry of a final order.**

**VI.   REVESTMENT OF PROPERTY IN DEBTOR**

All property of the estate shall vest in the debtor at the time of confirmation of this Plan.

**VII.   INSURANCE**

Insurance in the amount to protect liens of creditors holding secured claims is currently in effect and will [X] will not [ ] be obtained and kept in force throughout the period of the Plan.

| Creditor to Whom This Applies | Collateral Covered | Coverage Amount | Insurance Co, Policy No., and Agent Name, Address and Telephone No. |
|---|---|---|---|
| SANTANDER CONSUMER FINANCE | 2006 NISSAN ALTIMA | FULL COVERAGE | |
| | | | |

Applicable policies will be endorsed to provide a clause making the applicable creditor a loss payee of the policy.

**VIII.   POST-CONFIRMATION MODIFICATION**

The debtor shall file and serve upon all parties in interest a modified plan which will provide for allowed priority and allowed secured claims which were not filed and/or liquidated at the time of confirmation. The value of property to satisfy 11 U.S.C. §1325(a)(4) may be increased or reduced with the modification if appropriate. The modification will be filed no later than one year after the petition date. Failure of the debtor to file the modification may be grounds for dismissal.

Dated: July 7, 2014.

THE LAW OFFICE OF ANDREW S. TREXLER, P.C.

/s/ Andrew S. Trexler

Andrew S. Trexler, Reg. No. 39089
7887 E. Belleview Ave., Suite 1100
Englewood, CO 80111
Tele: (303)228-2257
Fax: (303)228-2297
Attorney for Debtor(s)

FREDERICK WILSON DAVIS

8